**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 5, 2009
Decided November 17, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-4121

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
|    *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|    *v.* | |
| | No. 07 CR 772 |
| JASON FOSTER, | |
|    *Defendant-Appellant.* | Virginia M. Kendall, |
| | *Judge*. |

**O R D E R**

Jason Foster pleaded guilty to knowingly and intentionally distributing more than fifty grams of crack. *See* 21 U.S.C. § 841(a)(1). He was sentenced to 130 months in prison, well below the guidelines range of 262 to 327 if the district court had applied the career-offender adjustment. Foster appeals, but his appointed counsel has moved to withdraw because he cannot identify any nonfrivolous argument to pursue on appeal. *See Anders v. California,* 386 U.S. 738, 744 (1967). Foster declined our invitation to comment on his counsel's submission, *see* CIR. R. 51(b), and thus we confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh,* 289 F.3d 968, 974 (7th Cir. 2002).

Counsel begins by telling us that Foster does not wish to withdraw his plea and thus properly refrains from discussing possible challenges to the voluntary nature of the plea or

the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Regarding Foster's sentence, counsel first considers whether Foster could argue that the district court should have used the 2006 version of the sentencing guidelines rather than the 2007 version. Under the former Foster would not qualify as a career offender, *see* U.S.S.G. § 4B1.1 (2006), but under the latter he does, *see* U.S.S.G. § 4B1.1 (2007). Counsel correctly concludes that this argument would be frivolous. The district court was required to use the 2007 version because that was in effect at the time of Foster's sentencing. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); *United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006). In any event, the district court did not apply the career-offender adjustment. The court acceded to the wishes of both Foster and the government not to apply the adjustment because Foster's qualifying drug convictions – both based on the same series of events but prosecuted in different jurisdictions – were not the type intended to trigger the career-offender penalties under the guidelines.

Counsel also considers whether Foster could argue that the district court overlooked arguments he had pressed in his sentencing memorandum and during his sentencing hearing. Counsel points out that the court did not explicitly address Foster's argument for being sentenced at the 120-month statutory minimum – an argument based on *Kimbrough v. United States*, 552 U.S. 85 (2007), concerning the district court's discretion to sentence below the guidelines range if it disagrees with the sentencing disparity between crack and powder cocaine. But a sentencing court is not required to address every argument put before it; it need only consider the factors listed in § 3553(a) and address substantial arguments made by the defendant. *See United States v. Acosta*, 474 F.3d 999, 1003 (7th Cir. 2007)*; United States v. Cunningham*, 429 F.3d 673, 678-79 (7th Cir. 2005). Foster's *Kimbrough* challenge would be frivolous. His sentence was less than half of that under the guidelines, and we have never declared a below-range sentence to be unreasonable. *See United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008). As for Foster's arguments at sentencing regarding his rehabilitation efforts and his health concerns, the record reflects that the court did consider these as mitigating factors but determined they were outweighed by other concerns warranting a sentence above 120 months.

Counsel next considers whether Foster could raise an argument of sentence manipulation because the government waited to arrest Foster until after he made a second sale of crack to a confidential informant. Counsel correctly notes, however, that this circuit does not recognize the sentencing manipulation doctrine. *United States v. Turner*, 569 F.3d 637, 641 (7th Cir. 2009); *United States v. White*, 519 F.3d 342, 346 (7th Cir. 2008).

Finally, counsel asks whether Foster could make a claim of ineffective assistance of counsel. Counsel correctly notes, however, that Foster should save any such claim for collateral review where a more complete record can be made. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

We therefore GRANT the motion to withdraw and DISMISS Foster's appeal.