NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2011
Decided September 1, 2011

*Before*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3030

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 09-CR-30004-001-DRH |
| PATRICK D. BURTON, aka D-BONE, *Defendant-Appellant.* | David R. Herndon, *Chief Judge.* |

**O R D E R**

Patrick Burton twice sold crack cocaine to an informant, and after the second transaction, he was arrested and gave investigators a videotaped confession of his drug dealing. Burton pled guilty to two counts of distributing crack, see 21 U.S.C. § 841(a)(1), and was sentenced to a total of 210 months in prison. He filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Burton did not respond to our invitation to address counsel's submission. See Cir. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate submission. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Burton, who told the district court that he suffers from a mental impairment, requested a psychiatric evaluation shortly after being indicted. The court granted the motion, and Burton was examined by two psychologists. Both concluded that he was competent to stand trial, but the psychologist retained by Burton opined that he did not understand the *Miranda* warnings given to him before he confessed. Burton then moved to suppress that confession.

The district court conducted a hearing on Burton's competence to stand trial and his motion to suppress. First the court found, based on the psychological reports and Burton's testimony at the hearing, that he was competent to stand trial. The judge surmised that Burton had tried to mislead the court by pretending not to understand the charges or proceedings. After watching a video recording of interviewers giving *Miranda* warnings to Burton, the court concluded that he knowingly and voluntarily waived his rights to remain silent and to have a lawyer present during questioning. Thus the court denied the motion to suppress. A few days later Burton pled guilty without a plea agreement.

At sentencing the district court set a base offense level of 32 after attributing 396 grams of crack to Burton. See U.S.S.G. § 2D1.1(c)(4) (2009). The court then applied a two-level upward adjustment for obstruction of justice, § 3C1.1, after concluding that Burton had lied at his competence hearing. The court added two more levels after finding that Burton had possessed a gun, see § 2D1.1(b)(1), and subtracted two levels for acceptance of responsibility, see § 3E1.1(a). Burton's total offense level of 34 and criminal history category of IV yielded a guidelines imprisonment range of 210 to 262 months, and the court selected the low end.

Counsel first questions whether Burton could argue that the district court erred in finding him competent and denying his motion to suppress, but concludes that both arguments would be frivolous. We agree. By pleading guilty unconditionally, Burton waived any objection to nonjurisdictional defects. See *United States v. Phillips*, 645 F.3d 859, 862 (7th Cir. 2011); *United States v. Kingcade*, 562 F.3d 794, 797 (7th Cir. 2009); *United States v. Rogers*, 387 F.3d 925, 932 (7th Cir. 2004); *Allen v. Mullin*, 368 F.3d 1220, 1234 (10th Cir. 2004). Moreover, Burton has informed counsel that he does not want his guilty pleas set aside; questioning Burton's competence would challenge the adequacy of the plea colloquy and the voluntariness of his guilty pleas, so we do not consider those issues. See *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Burton was sentenced shortly before the effective date of the 2010 version of the guidelines, and counsel next questions whether he could argue that it was error to use the 2009 version because the 2010 guidelines eliminate the criminal history point he received under § 4A1.1(e) for committing his two crack offenses less than two years after he was released from another sentence. But district courts are required to use the guidelines in force on the date of sentencing, 18 U.S.C. § 3742(g)(1); *United States v. Tanner*, 544 F.3d 793, 797 (7th Cir. 2008). In addition, deviating from that rule (or taking the advice of the not-yet-effective guidelines, see

generally *United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006) (sentencing court may, without violating ex post facto clause of Constitution, take advice from guidelines that took effect after crime was committed), would not have helped Burton anyway. With one less point – seven instead of eight – Burton's criminal history category, IV, would remain the same. And worse for him, as the sentencing court noted, applying the 2010 guidelines would have increased Burton's total offense level and imprisonment range. His base offense level would have remained at 32, see § 2D1.1(c)(4), but Burton would have been subject to a new amendment that added two levels for using or threatening violence, which Burton had done as part of his relevant conduct, see § 2D1.1(b)(2).

Counsel also raises the possibility of arguing that Burton is entitled to a reduced sentence under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. We have held that the FSA does not apply to Burton because the statute is not retroactive, see *United States v. Bell*, 624 F.3d 803, 814-15 (7th Cir. 2010), and because Burton's crimes preceded its enactment, see *United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011), *reh'g & reh'g en banc denied*, 646 F.3d 429 (7th Cir. 2011); see also *United States v. Holcomb*, No. 11-1558 (7th Cir. July 7, 2011) (applying holding from *Fisher* that FSA does not apply retroactively), *reh'g en banc denied*, slip op. at 1 (7th Cir. Aug. 24, 2011) (recognizing circuit split but declining by 5-to-5 vote to hear en banc issue of retroactivity of FSA). The circuit split on the issue shows that the issue in the abstract might be the subject of a legitimate claim on appeal, even if our court might not be inclined to return to the issue yet again. The more fundamental problem here is that even if the FSA applied to Burton, he would not be better off. He no longer would have been bound by the statutory minimum of ten years in prison, see 21 U.S.C. § 841(b)(1)(B)(iii) (2009), but his sentence was not driven by the statutory mandatory minimum. He received a guideline sentence well above the mandatory minimum. He still would have been subject to the 2009 guidelines range of 210 to 262 months. See 18 U.S.C. § 3742(g)(1); *Tanner*, 544 F.3d at 797. Even under the Sentencing Commission's proposed permanent guideline amendment implementing the Fair Sentencing Act, Burton's base offense level would remain 32, and thus he would not be able to benefit under 18 U.S.C. § 3582(c)(2).

Finally, counsel correctly concludes that any challenge to the length of Burton's overall prison term would be frivolous. Burton was sentenced within his guidelines range, and counsel has not identified any basis to challenge the presumption of reasonableness that applies. See *Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Aslan*, 644 F.3d 526, 531-32 (7th Cir. 2011).

Accordingly, counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.