In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-2699

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JASON FOSTER,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 CR 772—**Virginia M. Kendall**, *Judge*.

SUBMITTED JANUARY 18, 2013—DECIDED FEBRUARY 8, 2013

Before EASTERBROOK, *Chief Judge*, and KANNE and WOOD, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. In 2008 Jason Foster pleaded guilty to distributing more than 50 grams of crack cocaine and was sentenced to 130 months' imprisonment. 21 U.S.C. §841(a)(1). We dismissed his appeal as frivolous after his lawyer filed an *Anders* brief. *United States v. Foster*, No. 08-4121 (7th Cir. Nov. 17, 2009) (nonprecedential disposition). Two years later, after

the Sentencing Commission reduced the Guideline ranges for crack-cocaine offenses and made these changes retroactive, Foster filed a motion under 18 U.S.C. §3582(c)(2) seeking a lower sentence. The district court cut his sentence to 120 months but held that it lacks authority to reduce it below the statutory minimum that was in effect when Foster committed his crime. 2012 U.S. Dist. LEXIS 98685 (N.D. Ill. July 9, 2012). Foster contends in this court that the Fair Sentencing Act of 2010, discussed in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), is fully retroactive, and that the district judge therefore could have reduced his sentence to 60 months.

Before filing an opening brief on Foster's behalf, attorney John Thomas Moran, Jr., asked the court to appoint him as Foster's counsel. The motion did not cite any authority—in particular, did not contend that appointment is authorized by the Criminal Justice Act, 18 U.S.C. §3006A—and we directed Moran to file a memorandum identifying the authority for a court to appoint counsel at public expense to prosecute a motion in the district court, or an appeal, under §3582(c)(2). Moran replied that the court has "inherent power." That won't do. The Constitution provides that "[n]o Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law" (Art. I §9 cl. 7).

The Criminal Justice Act does not supply the necessary permission to pay a lawyer from the public fisc. It says that a court *must* appoint counsel for an indigent criminal defendant when the sixth amendment so requires, see §3006A(a)(1)(H), and *may* appoint counsel

to pursue relief under 28 U.S.C. §§ 2241, 2254, or 2255, see §3006A(a)(2)(B), but neither subparagraph applies to a motion under §3582. It is not part of a criminal prosecution or a form of collateral attack, so prisoners who seek lower sentences following retroactive changes to the Guidelines do not receive counsel at public expense. *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009). Moran has not offered us any reason to overrule that decision. The motion for appointment of counsel is denied.

Perhaps Moran would be willing to represent Foster *pro bono*, without prospect of compensation, but we need not ask him to do so. The appeal has no chance of success.

The premise of Foster's argument is that a sentence reduction under §3582 is a form of resentencing, at which the district judge must apply any intervening legal change. Yet *Dillon v. United States*, 130 S. Ct. 2683 (2010), holds that a proceeding under §3582 is limited to the application of changes in the Guidelines. See also U.S.S.G. §1B1.10(a)(3). That is why the district judge concluded that she could cut Foster's sentence to 120 months but no further.

*Dorsey* holds that persons sentenced on or after August 3, 2010, receive the benefit of the lower minimum and maximum sentences specified in the Fair Sentencing Act of 2010. Foster was sentenced in 2008, and as a proceeding under §3582 is not a full resentencing he is covered by the pre-2010 version of the cocaine statutes. So we held in *United States v. Robinson*, 697 F.3d 443 (7th Cir. 2012). Accord, *United States v. Berry*, 701 F.3d

374 (11th Cir. 2012). At least six other circuits have agreed in nonprecedential decisions issued after *Dorsey*. No court of appeals has held otherwise.

The judgment of the district court is summarily affirmed.