**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-6719**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JEROMY BERNARD DEANE,

             Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 12-6687)

Submitted:  March 5, 2013          Decided:  March 20, 2013

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeromy Bernard Deane, Appellant Pro Se.  Jessica Aber Brumberg,
OFFICE OF THE UNITED STATES ATTORNEY, Richard Daniel Cooke,
Assistant  United  States  Attorney,  Richmond,  Virginia,  for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In April 2012, Jeromy Bernard Deane filed this appeal, in which he challenged the district court's denial of his 18 U.S.C. § 3582(c)(2) (2006) motion seeking a sentence reduction under Amendment 750 to the Sentencing Guidelines, and the district court's denial of his motion to hold the case in abeyance pending the United States Supreme Court's decision in Dorsey v. United States, 132 S. Ct. 2321 (2012). Dorsey subsequently held that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"), applied retroactively to defendants who committed crimes involving cocaine base before the FSA's effective date but were sentenced after the FSA took effect. 132 S. Ct. at 2335. After we affirmed on the reasoning of the district court, see United States v. Deane, 474 F. App'x 212 (4th Cir. 2012), the Supreme Court of the United States granted Deane's petition for writ of certiorari, vacated our decision, and remanded the case "for further consideration in light of Dorsey." Deane v. United States, 133 S. Ct. 668, 668-69 (2012). We have examined the impact of Dorsey upon Deane's appeal, and we again affirm the district court.

An order granting or denying a § 3582(c)(2) motion is reviewed for abuse of discretion. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). In this case, Deane was convicted of distributing five grams or more of cocaine base

2

under 21 U.S.C. § 841(a)(1) & (b)(1)(B) (2006).  His offense involved 23.3 grams of cocaine base.  When Deane was sentenced in September 2010, the presentence report assigned him a total offense level of twenty-three and a Guidelines range of imprisonment of ninety-two to 115 months.  Nevertheless, the district court sentenced Deane to only seventy-two months in prison, which reflected a downward variance from the applicable Guidelines range.

As the district court properly recognized, applying Amendment 750 to Deane's case reduces his total offense level to 21, resulting in a Guidelines range of seventy-seven to ninety-six months' imprisonment.  See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(8) (2012).  Thus, the seventy-two-month sentence that Deane initially received still falls below the bottom of the revised Guidelines range applicable to Deane after operation of Amendment 750.

As the Guidelines make clear, Deane's below-Guidelines sentence could be proportionally reduced even further only if the original reduction was based on substantial assistance. USSG § 1B1.10(b)(2)(A), (B); id., cmt. n.3 (prohibiting a reduction below the bottom of the amended Guidelines range even where the original term of imprisonment was based on a downward variance or departure, except for departures based on substantial assistance); USSG App. C, Amend. 759 (2011)

3

(explaining rationale of amendment).  See also Dillon v. United States, 130 S. Ct. 2683, 2693 (2010) (holding that USSG § 1B1.10 is mandatory, not advisory).  Because no substantial assistance motion was filed on Deane's behalf in this case, the district court properly ruled that it could not grant Deane's motion.

Similarly, the district court did not abuse its discretion in declining to hold Deane's appeal in abeyance pending the resolution of Dorsey.  See Rhines v. Weber, 544 U.S. 269, 276 (2005) (decision to stay and abey is consigned to district court's discretion).  Even assuming that a § 3582(c)(2) motion is a proper vehicle for Deane's argument, applying the FSA to Deane's case would not affect his sentence.  But see United States v. Foster, ____ F.3d ____, No. 12-2699, 2013 WL 466201, at *1-*2 (7th Cir. Feb. 8, 2013) (noting that any proceeding under § 3582(c)(2) "is limited to the application of changes in the Guidelines"); United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012) (observing that the statutory change wrought by the FSA "is not a guidelines amendment by the Sentencing Commission," and therefore cannot serve as the basis of a § 3582(c)(2) motion).

Under the FSA, § 841(b)(1)(B)'s five-year mandatory minimum sentence is no longer applicable to Deane.  But, as indicated above, Deane's advisory Guidelines range bottomed out at seventy-seven months, and he ultimately received a seventy-

4

two-month sentence. As has been explained, Deane is not entitled to any reduction from his current seventy-two-month sentence. Thus, Deane's sentence would not be altered by the elimination of the mandatory minimum set forth in § 841(b)(1)(B), and the FSA therefore has no effect in his case. Under these circumstances, we can only conclude that the district court did not abuse its discretion in declining to hold Deane's appeal in abeyance pending the resolution of Dorsey. Rhines, 544 U.S. at 276.

Accordingly, we deny Deane's pending motion to appoint counsel, and we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED