NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 15, 2013[*]
Decided March 26, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-3483

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois |
| | |
| *v.* | No. 08-CR-20066 |
| | |
| THADDEUS A. SPEED, | Michael P. McCuskey, |
| *Defendant-Appellant.* | *Judge.* |

## O R D E R

In 2009 a jury convicted Thaddeus Speed on three felony charges: conspiracy to distribute more than 50 grams of crack cocaine, distribution of more than 50 grams of crack cocaine, and possession of more than 5 grams of crack cocaine with intent to

---

[*]This successive appeal has been submitted to the original panel pursuant to Internal Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See FED. R. APP. P. 34(a); CIR. R. 34(f).

distribute. He was sentenced on March 3, 2010, eight months before the Fair Sentencing Act of 2010 (FSA) went into effect. Because of the amount of drugs involved and Speed's two prior felony drug convictions, Speed received a mandatory minimum sentence of life imprisonment without the possibility of parole. We affirmed, rejecting several arguments for reversal, including the assertion that the FSA applied in his circumstances. *United States v. Speed*, 656 F.3d 714 (7th Cir. 2011).

On March 23, 2012, Speed filed a motion under 18 U.S.C. § 3582(c)(2), seeking to reduce his sentence based on Amendment 750 to the U.S. Sentencing Guidelines and the FSA. Relief is not available to a defendant under § 3582(c)(2), however, if an amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. (n.1(a)). Speed's sentence was based on the statutory mandatory minimum, not a subsequently lowered guideline range, and accordingly Amendment 750 provides no relief. See *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013).

Speed responds that he should no longer be bound by the mandatory minimum that applied in March 2010, because Congress in the FSA reduced the mandatory minimum sentence for his offenses. But the FSA does not help Speed: the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), confirmed that the FSA does not apply to sentencing proceedings that took place before its effective date. Speed remains "covered by the pre-[August 3, ] 2010 version of the cocaine statutes," *Foster*, 706 F.3d at 888, accord *United States v. Robinson*, 697 F.3d 443, 445 (7th Cir. 2012), because his § 3582 motion does not give rise to a full resentencing proceeding and thus does not change the date of his sentence. This means that Speed is still subject to the statutory mandatory minimums in place at the time of his original sentencing, notwithstanding the intervening legal change.

We AFFIRM the judgment of the district court.