**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013[*]
Decided May 13, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-3422

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Western Division. |
| *v.* | |
| | No. 93 CR 20024-2 |
| HELEN L. FORT, | |
| *Defendant-Appellant.* | Philip G. Reinhard, |
| | *Judge*. |

**O R D E R**

Helen Fort appeals the denial of her second motion under 18 U.S.C. § 3582(c)(2) to reduce her sentence based on retroactive amendments to the sentencing guidelines for crack cocaine offenses. The district court denied the motion on the ground that the amendments did not lower Fort's guidelines range. We affirm the judgment.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Fort was a member of a 19-person drug ring operating in Rockford, Illinois in the early 1990s. She and six others composed the group's core (the "Mob," as they called themselves), and they purchased kilogram quantities of cocaine for sale in crack houses operated by the group. For her role in the Mob's operations, Fort was charged with conspiring to distribute and conspiring to possess with intent to distribute cocaine base, 21 U.S.C. § 846, and distributing cocaine base, 21 U.S.C. § 841(a)(1). The district court found her accountable for 5 kilograms of powder cocaine and 41 grams of crack, which resulted in a base offense level of 32. The court applied upward adjustments based on her possession of a dangerous weapon, see U.S.S.G. § 2D1.1(b)(1), and her leadership role in the drug ring, see *id.* § 3B1.1(a); with her category-II criminal history, the sentencing guidelines yielded a range of 262 to 327 months. The district court sentenced her to 312 months, and we upheld that sentence on appeal. See *United States v. Evans*, 92 F.3d 540 (7th Cir. 1996).

Fort then filed an unsuccessful motion under § 2255 in the district court, and we denied her requests for a certificate of appealability and for leave to file a second collateral attack. She later moved for relief from the judgment and for review of her sentence, claiming that the district court's drug-quantity determination was flawed, but the court denied both motions as impermissible collateral attacks on her sentence.

In 2008 Fort filed a motion under 18 U.S.C. § 3582(c)(2), seeking to reduce her sentence based on Sentencing Guidelines Amendment 706, which retroactively reduced offense levels in most crack cocaine cases by two levels. See U.S.S.G. app. C, amend. 706. Fort acknowledged that her guidelines range would remain the same if the court relied on its original drug-quantity findings, but she maintained that the court should revisit these findings in light of our decision in *United States v. Henderson*, 58 F.3d 1145 (7th Cir. 1995), in which we held that a district court could not base its drug-quantity findings on testimony it deemed incredible. Although the court's purported error in calculating the powder cocaine attributable to Fort did not make a difference at sentencing, she maintained that the amended guidelines would yield a lower sentence if the error were corrected given the reduced impact of the crack attributed to her. The court denied the motion on the ground that Amendment 706 did not affect her guidelines range and noted that her drug-quantity argument was inappropriate in a motion under § 3582(c)(2). She did not appeal that decision.

Three years later Fort again moved under § 3582 for a sentence reduction "[i]n light of the recent amendment to the sentencing guidelines." The district court construed her motion as requesting a reduced sentence under Amendment 750, which revised the drug-quantity tables based on the Fair Sentencing Act of 2010. The court denied the motion after determining that Amendment 750 also does not affect Fort's guidelines range. See U.S.S.G. app. C, amend. 750. The court explained that the 5 kilograms of powder cocaine and 41

grams of crack attributed to Fort equated with 1,146 kilograms of marijuana, yielding a base offense level of 32 even under the revised guidelines. See U.S.S.G. § 2D1.1(c)(4).

Fort appeals the denial of that motion, arguing only that the district court improperly relied on its original drug-quantity calculations in determining that the amended guidelines would not yield a more favorable sentence. Fort maintains that in light of our decision in *Henderson* the district court was obligated to recalculate the powder cocaine attributed to her before deciding her motion. But § 3582 authorizes a court only to substitute an amended guidelines range for the range originally calculated at sentencing; it does not permit the court to resentence the defendant based on other intervening legal changes. See U.S.S.G. § 1B1.10(b)(1); *Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010); *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). Further, courts ruling on § 3582(c)(2) motions may not make factual findings that are inconsistent with those made at sentencing, and the district court here was therefore bound by its original drug-quantity findings. See *United States v. Neal*, 611 F.3d 399, 401 (7th Cir. 2010); *United States v. Hall*, 600 F.3d 872, 876 (7th Cir. 2010); *United States v. Woods*, 581 F.3d 531, 538 (7th Cir. 2009). Because these findings did not support a lower sentence under the amended guidelines, the district court properly denied Fort's motion.

AFFIRMED