NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 8, 2013*
Decided November 14, 2013

Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

| | |
|---|---|
| No. 13-2753 | Appeal from the United States District Court for the Southern District of Illinois. |
| UNITED STATES OF AMERICA, | |
| *Plaintiff-Appellee*, | |
| *v.* | No. 97-CR-40044-MJR-01 |
| AHMAD BISHAWI, | Michael J. Reagan, *Judge*. |
| *Defendant-Appellant*. | |

## Order

Ahmad Bishawi is serving a sentence of 20 years' imprisonment for crack-cocaine offenses. After the Fair Sentencing Act of 2010 took effect, and the Sentencing Commission reduced the Guideline ranges with retroactive effect, Bishawi asked the district court for a reduction under 18 U.S.C. §3582(c)(2). The district court denied this

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

motion because Bishawi's sentence already is at the statutory minimum, so he cannot receive any benefit from the lower Guidelines.

Bishawi's brief on appeal appears to reflect a belief that all defendants sentenced before the 2010 Act took effect can be resentenced afterward—because only a new sentence under the Act's revised terms would reduce the statutory minimum sentence. But the Supreme Court held in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), that the 2010 Act applies only to persons sentenced on or after August 3, 2010. Bishawi was sentenced in 1999. A motion under §3582(c)(2) differs from resentencing. See *Dillon v. United States*, 560 U.S. 917 (2010). Nor does it entitle a defendant to reopen issues, such as the quantity of drugs involved, resolved at the original sentencing. See, e.g., *United States v. Poole*, 550 F.3d 676 (7th Cir. 2008). We have therefore held that persons who received a statutory-minimum sentence before August 3, 2010, cannot receive any benefit from the 2010 Act. *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013).

*Foster* and *Poole* control this appeal. The judgment of the district court is affirmed.