NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 10, 2015*
Decided November 18, 2015

Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 15-2412 | Appeal from the United States District Court for the Southern District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 04-CR-40021-MJR-2 |
| JAMONTE L. ALLISON, *Defendant-Appellant*. | Michael J. Reagan, *Chief Judge*. |

## Order

In response to the most recent retroactive change to the drug-quantity tables in the Sentencing Guidelines (see Amendment 782), Jamonte Allison asked the district court to reduce his sentence. The court declined, observing that Allison's sentence already is at

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

the statutory minimum of 240 months, so that 18 U.S.C. §3582(c)(2) does not authorize a sentence reduction.

Allison maintains that the drug-quantity calculations and record of convictions that led to the 240-month sentence—calculations based on Allison's concessions as part of a plea agreement—are erroneous and should be revised. At the time of sentencing, for someone with Allison's record of convictions, distributing even 50 grams of crack cocaine set the minimum at 240 months, and he conceded distributing at least 500 grams. Nonetheless, he now asks the district judge to ignore the terms of the plea agreement and find that he distributed a lesser quantity, relieving him of the 240-month statutory minimum.

He made an identical argument when seeking a reduction under an earlier retroactive change. (Indeed, this is the fourth time he has made the functionally identical argument.) We held in 2013 that §3582(c)(2) does not allow a district judge to revisit the factual findings made in the original sentencing. See *United States v. Allison*, No. 12-1709 (7th Cir. Feb. 26, 2013) (nonprecedential disposition). Instead the judge takes them as given and applies the new Guidelines to them. See, e.g., *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013). What we held in 2013 remains the law, so the district court's decision must be

AFFIRMED.