NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 29, 2020
Decided April 29, 2020

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3483

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 09-CR-30004-NJR-1 |
| PATRICK D. BURTON, *Defendant-Appellant*. | Nancy J. Rosenstengel, *Chief Judge*. |

**O R D E R**

Patrick Burton was convicted in 2010 of two counts of distributing five or more grams of cocaine, *see* 18 U.S.C. § 841(a)(2), (b)(1)(B), and sentenced to 210 months' imprisonment, at the bottom of the advisory guidelines range of 210 to 262 months and above the ten-year statutory minimum. We dismissed his direct appeal. *United States v. Burton*, 437 F. App'x 512 (7th Cir. 2011). In 2014, Burton's sentence was reduced to 168 months based on Amendment 782 to the sentencing guidelines, which lowered the offense level for his narcotics-related crime. *See* 18 U.S.C. § 3582(c). In 2019, Burton, through counsel, moved to reduce his sentence under the First Step Act, Pub. L. No. 115-319, § 404(b), 132 Stat. 5194, 5222 (2018), which made retroactive to some defendants

sentenced before August 3, 2010, provisions of the Fair Sentencing Act, § 801, 21 U.S.C. § 841(b)(1)(A)(iii), that modified the statutory penalties in § 841(b)(1). The district court denied the motion, concluding that the Fair Sentencing Act would not affect Burton's overall sentence, which was based on the guidelines and not a statutory minimum. The court commended Burton on his good behavior while in custody over the past decade but concluded—especially considering Burton's prior sentence reduction—that any departure from his sentence would be "foolhardy" and "excessive."

Burton filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We note that *Anders* does not extend to proceedings in which a defendant seeks to reduce his sentence following retroactive sentencing changes. *See United States v. Foster*, 706 F.3d 887, 887–88 (7th Cir. 2013). Nevertheless, we follow the *Anders* safeguards to ensure consideration of potential issues. *See Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Burton has not responded to counsel's motion. *See* CIR. R. 51(b).

Counsel first considers whether Burton could argue that the district court wrongly believed that it lacked discretion to reduce Burton's sentence further, given its statements about his prior reduction based on Amendment 782 and the lack of any effect of the Fair Sentencing Act on his guidelines range. But counsel appropriately rejects this argument as frivolous. Section 404(b) of the First Step Act states that the district court "may" reduce a sentence for a covered offense, giving it discretion. The district court here recognized that the decision to reduce a defendant's sentence "is left to the sentencing court's discretion," so the court, we would conclude, appropriately chose not to exercise it.

Counsel relatedly considers whether Burton could challenge the district court's justification for refusing to reduce his sentence under the First Step Act but properly regards this argument as frivolous. The court acted within its discretion when weighing the sentencing factors under 18 U.S.C. § 3553(a), *see United States v. Adams*, 879 F.3d 826, 829 (7th Cir. 2018), and concluded no reduction warranted because Burton's sentence had previously been set above the then-statutory minimum for "good reason"—his criminal history, his history of violence, and his misleading statements during a competency hearing. We would not conclude that this explanation reflects any abuse of discretion.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.