**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 29, 2020[*]
Decided April 30, 2020

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2473

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 93-CR-30030-JPG-1 |
| ADRIAN L. COOPER, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Several years after he was convicted of a cocaine-base ("crack") offense, Adrian Cooper moved jointly with the government for a reduction of his life sentence under the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). The district court granted the motion, but not to the extent he requested. Cooper appeals, and we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Cooper was found guilty by a jury in 1993 of conspiring to distribute and to possess with intent to distribute over 500 grams of cocaine. 21 U.S.C. §§ 841(a)(1), 846. The district court found that his offense involved between 150 and 500 grams of crack and that he had at least two previous felony drug convictions. Based on then-existing law, the court imposed a mandatory life sentence, and we affirmed. *See United States v. Cooper*, 39 F.3d 167 (7th Cir. 1994). In the following years, Cooper filed several motions in the district court seeking a sentence reduction, none successful.

In 2018, Congress passed the First Step Act, which made provisions of the Fair Sentencing Act retroactive for certain defendants convicted of crack-related offenses. *See* § 404, 132 Stat. 5194, 5222. Under the First Step Act, district courts "may … impose a reduced sentence" for these defendants as if the Fair Sentencing Act had been in effect at the time of their offenses. *See id.* § 404(b). The Fair Sentencing Act, in relevant part, modified 21 U.S.C. § 841(b)(1)(A)—the subsection under which Cooper was sentenced—by reducing its statutory minimum penalties and increasing the amount of crack needed to trigger those penalties from 50 to 280 grams. *See* Fair Sentencing Act, Pub. L. 111-220, § 801, 124 Stat. 2372 (2010) (codified as 21 U.S.C. § 841(b)(1)(A)(iii)).

Cooper, assisted by counsel, moved jointly with the government to reduce his sentence from life to 360 months. The parties agreed that Cooper was eligible for a sentence reduction under the First Step Act; that the act reduced the statutory range for his offense from mandatory life in prison to 10 years to life; and that his offense level under the Act was 37, which yielded a guidelines range of 360 months to life. The district court scheduled a hearing and ordered Cooper to appear by video conference.

At the hearing, the court chose to exercise its discretion under the First Step Act and reduced Cooper's sentence to 410 months. The court noted that Cooper, as a career offender, still faced a guidelines range of 360 months to life. It declined to adopt the parties' recommendation of a 360-month term based on the sentencing factors under 18 U.S.C. § 3553(a). In explaining its sentence, the court highlighted Cooper's background and personal characteristics (alluding to his "attitude problem" at the hearing when he complained that the sentence was not fair), the nature and circumstances of his offense (noting that it was part of a considerable criminal record accrued at a young age), and Cooper's need for rehabilitation (discussing pressures he could face from friends and family to return to criminal behavior).

On appeal, Cooper argues for the first time that he was entitled to a full, plenary resentencing hearing and that he was entitled to be physically present at the hearing. Because he did not raise these concerns in the district court, we review them only for

plain error. *See United States v. Olano*, 507 U.S. 725, 732–37 (1993); *United States v. Pankow*, 884 F.3d 785, 790–91 (7th Cir. 2018). We have yet to decide whether § 404 of the First Step Act mandates a plenary resentencing hearing, though we note that other courts have declined to so hold. *See United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019) (plenary resentencing not allowed); *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) (plenary resentencing at court's discretion); *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019) (same). We rarely find plain error on matters of first impression, however, *see United States v. Ramirez*, 783 F.3d 687, 695 (7th Cir. 2015), and nothing in § 404 plainly requires the district court to hold any sort of hearing at all. We therefore cannot conclude that the district court plainly erred by reducing Cooper's sentence without holding a plenary hearing or without having Cooper appear in person.

Cooper next argues that the district court should have applied the current sentencing guidelines when it reduced his sentence. Had it done so, he insists without support, it would not have considered him a career offender. But at the very least he forfeited this argument by not raising it in the district court, and we see no plain error given that this argument conflicts with the position he took in his filings with the district court, when he stipulated that his new offense level was 37—a figure that corresponds to the career-offender designation. *See* U.S.S.G. § 4B1.1(b).

Finally, Cooper argues that he received ineffective assistance of counsel throughout his sentence-reduction proceedings. Competent counsel, he says, would have challenged his status as a career offender under the sentencing guidelines. But he had no right to counsel during the proceedings, which were not a part of his criminal prosecution. *See United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). He therefore cannot assert ineffective assistance. *See Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Though he now says that he attempted to fire his lawyer before the hearing so that he could proceed pro se, the record does not support this assertion.

AFFIRMED