**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2021[*]
Decided April 12, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2501

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 09-cr-40094 |
| CITRICK DAVIS, <br> *Defendant-Appellant*. | Joe Billy McDade, <br> *Judge*. |

## O R D E R

Several years after he was convicted of a cocaine-base (or "crack") offense, Citrick Davis moved for a reduction of his sentence under the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). The district court shortened Davis's sentence, but because a reduction to the full extent that Davis requested would not adequately reflect the seriousness of his offense or deter similar misconduct, the court did not grant the full request. That decision was a reasonable exercise of discretion, so we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Davis pleaded guilty to conspiring in 2009 to possess with intent to distribute and manufacture 50 grams or more of crack. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), 846. In a portion of its presentence investigation report to which Davis did not object, the U.S. Probation Office determined Davis's offense involved 23 kilograms of crack. After reviewing Davis's background, the district court found that Davis had the "potential … [to] lead a law-abiding life and do something else other than selling drugs." It therefore sentenced Davis below the bottom of the Sentencing Guidelines' range of 292 months, imposing the minimum sentence then permitted by statute for the drug type and quantity involved—240 months in prison and 10 years' supervised release.

In 2019, Davis moved under the First Step Act to reduce his prison sentence by 25% to 180 months and to reduce his term of supervised release to 8 years. With the assistance of appointed counsel, Davis emphasized the reasons that the sentencing court had been lenient, argued that his age (early 50s) made him less likely to reoffend, and listed the classes he had taken in prison to help him adjust to life after release. The government stipulated that Davis was eligible for relief under the Act, and it agreed that his term of supervised release should be reduced to 8 years. But it opposed any reduction to Davis's prison sentence. It explained that his current sentence is now at the lower end of the newly amended guidelines range and continues to reflect the seriousness of his offense, which involved a large quantity of drugs.

The district court reduced Davis's prison sentence, but only to 200 months. The court acknowledged the circumstances that originally prompted a below-guidelines sentence, but it found that, in light of the drug quantity involved, any greater reduction would not reflect the seriousness of Davis's offense or adequately deter Davis or others. The court also reduced Davis's term of supervised release to 8 years. Without assistance from his appointed counsel, Davis asked the district court to reconsider, arguing that, based on *United States v. Shaw*, 957 F.3d 734 (7th Cir. 2020), the district court could not consider the quantity of drugs involved in his offense when deciding whether to reduce his sentence under the First Step Act. The court disagreed and denied the motion.

On appeal, Davis primarily reasserts that the district court's consideration of the drug quantity was improper in light of *Shaw,* but his arguments misunderstand that decision. We explained there that a district court should consider the statute of conviction, not the drug quantity, to determine whether a defendant is *eligible* for First Step Act relief. *Id.* at 739. Here, the district court did just that; it determined that, as the government stipulated, Davis was eligible for a reduction because he was convicted of violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), 846. Once past that threshold, however, the

district court had discretion to determine whether and to what extent to reduce Davis's sentence. *See Shaw*, 957 F.3d at 736. The court appropriately used the sentencing factors of 18 U.S.C. § 3553(a) to guide its decision. *See Shaw*, 957 F.3d at 741. And, among those factors, the court highlighted the seriousness of Davis's offense and the need for deterrence, 18 U.S.C. § 3553(a)(2)(A), (B), both of which were supported by the finding that he had conspired to sell over 20 kilograms of crack. Thus, the district court's decision complied with *Shaw*.

Davis also argues that his appointed counsel provided ineffective assistance with the sentence-reduction motion because counsel did not challenge the drug quantity. But Davis had no constitutional right to counsel during this proceeding because it was not part of his criminal prosecution. *See United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). Thus, he cannot assert ineffective assistance. *See Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000). Further, Davis provides no basis upon which counsel should have challenged the drug quantity, which he did not object to during his original sentencing.

AFFIRMED