NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 3, 2021*
Decided August 16, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-3445

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:17-cr-40011-JPG-5 |
| RODNEY V. HOWIE, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

## O R D E R

Rodney Howie moved pro se for compassionate release based on the COVID-19 pandemic and health conditions that he said made him especially vulnerable to it. A federal defender entered an appearance in his case after being notified of the motion under a procedure set forth in a local administrative order. Before counsel filed

---

* On July 21, 2021, we granted the parties' joint motion to waive oral argument. This appeal was therefore submitted on the briefs and the record. *See* FED. R. APP. P. 34(f); CIR. R. 34(e).

anything further, and without ordering the government to respond, the district court denied the motion.

On appeal, Howie contends that the district court violated his due-process rights and the party-presentation principle by proceeding in this manner. But the administrative order did not create an entitlement to counsel in compassionate-release proceedings, and the underlying motion has no prospect of success. We therefore affirm.

## Background

In 2018, Howie pleaded guilty, in the Southern District of Illinois, to conspiring to distribute methamphetamine. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846. The district court sentenced him to 174 months in prison. He did not appeal.

Later, in September 2020, after unsuccessfully asking his warden for release, Howie (now 51) filed a pro se motion for compassionate release. He acknowledged that "what he did was wrong and that he needs to be punished." But COVID-19 cases were rising at his prison (a medical facility in Springfield, Missouri), and he doubted the prison's ability to ensure his safety given his age, hypertension, and history of smoking. His mother, he added, had recently been diagnosed with cancer and needed a caretaker. Howie also included a separate request for appointed counsel.

Effective August 14, 2020, the Southern District of Illinois's Fourth Amended Administrative Order 265[1] sets forth the procedures for adjudicating compassionate-release motions and appointing counsel in that District. The order states that, when the court receives a motion for compassionate release, it "will conduct a preliminary review to determine whether the motion is facially frivolous or premature." During that process, "the Court may permit amendment and/or request additional information." Observing that the Office of the Federal Defender is willing to enter appearances on behalf of defendants who move pro se for compassionate release, the order "appoints" the office to represent indigent defendants "to determine whether the defendant is eligible to petition the Court for compassionate release … and to file any petitions, motions, or applications related thereto." The order further explains:

> 4. The FPD … may also enter an appearance if a defendant contacts the FPD to file the motion on the defendant's behalf and the FPD … determines the motion would not be frivolous.

---

[1] A Fifth Amended Order went into effect on July 14, 2021.

5. The Court will notify the FPD of all *pro se* motions seeking relief…

6. If a motion survives preliminary review, the FPD or designated CJA attorney shall enter an appearance within seven days of notice that the motion is proceeding.

…

9. Upon receipt of additional records about that inmate's condition, the FPD … shall file a supplement to the defendant's *pro se* motion or a statement indicating that the defendant's motion needs no supplementation.

Some two months after Howie filed his motion, on November 3, 2020, an attorney from the Office of the Federal Defender entered an appearance in his case. In her briefs, counsel asserts that she received notification of Howie's motion from a clerk at the district court, though she does not say when.

Counsel filed nothing for weeks, nor did she ask for any extensions of time or otherwise alert the court that she intended to submit something on Howie's behalf. On December 1, the district court entered an order denying Howie's motion. In a footnote, the court acknowledged counsel's appearance but noted that it had not appointed her. The court observed that the Bureau of Prisons was entitled to "some deference" in determining which prisoners to release and cited some statistics about COVID-19 cases from the Bureau's website. Without deciding whether Howie had shown extraordinary and compelling reasons for release, 18 U.S.C. § 3582(c)(1)(A), the court concluded that the sentencing factors under § 3553(a) weighed against it. Relying principally on Howie's presentence investigation report, the court explained that Howie had an extensive criminal history and had served only 2 years of his 14-year sentence. His continued incarceration therefore was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment and drug treatment, and deter Howie and others from committing further crimes.

Counsel moved for reconsideration, asserting that Administrative Order 265 appointed the Federal Defender to represent all eligible defendants and investigate their cases. Therefore, she argued, the denial of Howie's motion without any submission from her violated Howie's due-process rights in several ways.

The district court denied the motion to reconsider. First, the court ruled, the administrative order provided "unambiguously" that the court was required to screen

compassionate-release motions to determine whether they were "facially frivolous or premature" before appointing counsel. Second, the court concluded, *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013), established that a district court could rule on a sentence-modification motion without appointing counsel. The court had considered the arguments in Howie's pro se motion, which was all that was required.

**Analysis**

On appeal, Howie first asserts that the district court violated his due-process rights by "fail[ing] to conduct a preliminary review and await the FPD's investigation and potential supplement," as contemplated by Administrative Order 265. He concedes that there is no statutory or constitutional right to counsel during sentence-modification proceedings. *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021); *Foster*, 706 F.3d at 888. But, he contends, Order 265 entitles compassionate release applicants to have counsel investigate their cases. Relying on *Hollingsworth v. Perry*, 558 U.S. 183, 184 (2010), he argues that the district court's treatment of his motion violated well-settled principles of procedural regularity.

Howie's reliance on *Hollingsworth* does not help him. There, a district court had effectively amended its local rules regarding the broadcasting of court proceedings in advance of a high-profile trial, without allowing for the period of notice and comment required by federal statute. 558 U.S. at 192–93; 28 U.S.C. § 2071(b). The Supreme Court stayed the order allowing the trial to be broadcast, concluding that the district court "ignore[d] the federal statute that establishes the procedures by which its rules may be amended." 558 U.S. at 199. Howie's challenge, by contrast, concerns the interpretation and application of an administrative order, not its implementation.

Howie cannot sidestep the lack of statutory or constitutional entitlement to counsel by arguing that the district court failed to adhere to the administrative order. Administrative orders have "much the status of local rules." *United States v. Manning*, No. 20-3416, __ F.4th__, 2021 WL 3085506, at *3 (7th Cir. July 22, 2021) (internal citations omitted). Howie points to no authority holding that local rules create enforceable rights for litigants, and we have previously explained that "litigants have no right to demand strict enforcement of local rules." *Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013). By its own terms, Order 265 does not purport to create any rights for compassionate release applicants; it was promulgated "because of the need to process motions or petitions efficiently." Further, Howie's counsel never requested an extension of time to investigate his circumstances and file a supplement. Given the circumscribed nature of § 3582(c) proceedings, *see, e.g.*, *Dillon v. United States*, 560 U.S. 817, 827 (2010);

*United States v. Young,* 555 F.3d 611, 614–15 (7th Cir. 2009), however, the district court was not required to halt proceedings until counsel filed papers that were not legally necessary—without any indication that she intended to do so.

Howie's argument that the district court "violated" Order 265 is also unpersuasive. District courts have "considerable discretion in interpreting and applying their local rules" so long as the application of those rules does not violate a litigant's well-established rights. *United States v. Sanders*, 992 F.3d 583, 586 (7th Cir. 2021) (internal citations omitted). We will disturb a district court's interpretation of a local rule only if we are "convinced that the district court made a mistake." *Id.* (internal citations omitted). Howie has no evidence that his case was treated "differently from all other[s] in the district," which might have supported an inference of error. *Cf. Hollingsworth*, 558 U.S. at 199. And by its plain language, Order 265 does not envision the Federal Defender's Office investigating every motion that is filed. Rather, federal defenders are to enter appearances on behalf of eligible defendants *if* their pro se motions survive preliminary review. Howie's motion did not. His contention that the district court never conducted such a review—because the order denying the motion does not expressly refer to preliminary review, "screening," or the like—is unavailing. In denying reconsideration, the district court explained that it had conducted the review and decided the motion in one order; finding the motion "facially frivolous," the court ruled on the merits without further briefing.

Howie next contends that the district court violated due-process and party-presentation principles by raising "arguments" and "evidence" against him instead of maintaining a neutral role. He notes that the order cited statistics outside the record and implied that Howie poses a continuing danger to the community. Howie sees a further due-process violation because, he says, he was never allowed an opportunity to respond to the court's "arguments."

But district courts routinely screen pro se filings without running afoul of due-process and party-presentation principles. *See, e.g.*, *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (observing that district courts regularly screen pro se complaints by litigants seeking to proceed in forma pauperis). Here, the district court referred to information already in the record to evaluate Howie's contentions that the severity of the pandemic and his remorse over his crime weighed in favor of his release. *United States v. Melendez*, 819 F.3d 1006, 1011 (7th Cir. 2016). True, the order also cited some statistics from the Bureau of Prisons' website, but Howie does not question the

reliability of that public information, which is suitable for judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

In any event, the district court's analysis made clear that the denial of relief rested on the ground that the § 3553(a) factors weighed against release. District courts have broad discretion in weighing the § 3553(a) factors. *United States v. Gibson*, 996 F.3d 451, 469 (7th Cir. 2021). And Howie does not contend on appeal that the court abused its discretion in weighing these factors—other than to note the district court did not acknowledge his request for home confinement or address his mother's health conditions. Nor could he. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) (disclaiming any "discuss-everything" requirement); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (noting that the district court lacked authority to change applicant's place of imprisonment).

Finally, any remand in Howie's case would be futile in light of recent developments in our case law. Counsel asserts that, had she been given the opportunity, she would have submitted a report showing that Howie had participated in programming, completed drug education, and had no disciplinary infractions during his two years of incarceration. (That report, if it already exists, is not in the record.) But a district court need evaluate the § 3553(a) factors only *after* finding that a litigant has first demonstrated an extraordinary and compelling reason for release. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). The district court skipped that step here. Moreover, after *United States v. Broadfield*, No. 20-2906, __ F.4th __, 2021 WL 3076863, at *2 (7th Cir. July 21, 2021), prisoners who have access to a vaccine, and are not unable to take it, are unlikely to establish an extraordinary and compelling reason for early release. Since filing his pro se motion for compassionate release, Howie has been transferred to USP Marion, which reports that it has fully vaccinated 849 of its 1,253 inmates. *See* FED. BUREAU OF PRISONS, COVID-19 Vaccination Data, available at http://www.bop.gov/coronavirus (last accessed Aug. 13, 2021). Nothing in the record suggests that Howie is unable, medically or otherwise, to receive the vaccine. Thus, the additional information counsel seeks to present would not make a difference.

For the foregoing reasons, we AFFIRM the district court's judgment.