In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-1391

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAXTRELL ROBINSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 04-CR-20063—**Michael P. McCuskey**, *Judge.*

SUBMITTED AUGUST 20, 2012—DECIDED SEPTEMBER 7, 2012

Before CUDAHY, KANNE, and SYKES, *Circuit Judges.*

PER CURIAM. Daxtrell Robinson moved the district court to reduce his sentence based on retroactive amendments to the Sentencing Guidelines and the Fair Sentencing Act. *See* 18 U.S.C. § 3582(c)(2). The district court denied the motion. Because Robinson was sentenced to the statutory minimum and the Fair Sentencing Act does not apply to him, we affirm.

Robinson pleaded guilty in 2005 to possessing 50 grams or more of crack cocaine. *See* 21 U.S.C. § 841(a)(1). The

government filed a recidivism enhancement, which raised the minimum prison term for this offense to 20 years. *See id.* §§ 841(b)(1)(A)(iii), 851 (2004). The district court imposed the minimum sentence of 20 years. Three years later Robinson moved under § 3582(c)(2) to reduce his sentence based on amendments 706 and 713 to the guidelines, which retroactively reduced his base offense level from 32 to 28. U.S.S.G. App. C, Vol. III 226-231, 253 (2011). The district court denied the motion because Robinson's sentence was based on the statutory minimum, which remained unchanged.

After three more years, Robinson filed a second § 3582(c)(2) motion in 2011, this time asking the district court to apply to him the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a)(2), 124 Stat. 2372. If the Act applied to Robinson, he would have faced a mandatory minimum penalty of 10 years rather than 20 years. *Compare* 21 U.S.C. § 841(b)(1)(B)(iii) (2006 & Supp. IV 2010), *with id.* § 841(b)(1)(A)(iii) (2004). The district court denied the motion because, it reasoned, the Fair Sentencing Act did not apply to Robinson, whose crime *and* sentencing both took place long before the Act.

In 2012 Robinson again moved to reduce his sentence, this time based on the combined effects of amendments 748 and 750 to the guidelines and the Fair Sentencing Act. *See* U.S.S.G. Supp. to App. C, Vol. III 374-84, 391-98 (2011). The amendments, effective November 1, 2011, retroactively reduced from 28 to 26 the base offense level for Robinson's conduct. U.S.S.G. § 2D1.1(c)(7)

& cmt. n.10(D). If the Fair Sentencing Act reduces his mandatory minimum, his guidelines range would be ten years. Robinson asked the district court to apply the guidelines amendments retroactively to reduce his sentence. The district court denied the motion, again, restating its conclusion that the Act did not apply to Robinson, and the mandatory minimum sentence of 20 years remains intact.

On appeal, Robinson argues that the ten-year mandatory minimum under the Fair Sentencing Act should apply to him so that he can be sentenced under the amended guidelines range. (The government does not argue that the district court's decision last year refusing to apply the Act retroactively to Robinson precludes him from relitigating the matter, so like the parties we proceed to the merits.) Section 3582(c)(2) permits a court to reduce the term of imprisonment if the defendant's sentencing range "has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." As for the second condition, Application Note 1(A) of U.S.S.G. § 1B1.10 provides that a reduction is inconsistent with that policy statement if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." *See United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009); *United States v. Poole,* 550 F.3d 676, 679 (7th Cir. 2008); *United States v. Osborn*, 679 F.3d 1193, 1195 n.1 (10th Cir. 2012). Thus, unless the Act

applies to Robinson, his applicable guideline range remains constrained by the operation of the 20-year mandatory minimum sentence.

Robinson maintains, as he did in his second motion under Section 3582(c)(2), that the Act's reduced mandatory minimum applies to him even though his conduct *and* sentence both occurred before August 3, 2010, the Act's effective date. He cites *Dorsey v. United States*, 132 S. Ct. 2321 (2012), to support his argument. But *Dorsey* provides Robinson no relief. The Supreme Court in *Dorsey* held only that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the *post*-Act sentencing of pre-Act offenders." *Id.* at 2335 (emphasis added). The Act's lower mandatory minimums do not apply to offenders, like Robinson, sentenced before its effective date. The Courts of Appeals unanimously so held before the Supreme Court decided *Dorsey. See, e.g., United States v. Baptist,* 646 F.3d 1225, 1229 (9th Cir. 2011) (collecting cases). And *Dorsey* carefully confined its application of the Fair Sentencing Act to pre-Act offenders who were sentenced *after* the Act. Robinson, therefore, has received the lowest possible sentence under the statute.

AFFIRMED.