**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 15, 2012[*]
Decided November 28, 2012

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

THERESA L. SPRINGMANN, *District Judge*[**]

No. 12-2852

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 4:06-CR-40081 |
| | |
| JESSE C. ADAMS, JR, | Joe Billy McDade, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

This case is before us for the second time. Jesse Charles Adams, Jr. was convicted of possession with intent to distribute and conspiracy to distribute crack cocaine. While his first appeal was pending, we granted his request to file a supplemental memorandum addressing the applicability of the Fair Sentencing Act of 2010 ("FSA") and its modification of 21 U.S.C. § 841. We

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a).

[**] The Honorable Theresa L. Springmann, United States District Court for the Northern District of Indiana, sitting by designation.

concluded that the change in the statute did not affect Adams's case because he was sentenced on December 5, 2008, more than a year before the FSA became effective on August 3, 2010. As a result, we affirmed Adams's conviction and sentence. *See United States v. Adams*, 628 F.3d 407(7th Cir. 20120), *cert. denied*, 132 S. Ct. 201 (2011).

Back in the district court, Adams filed a "Motion Requesting Preservation of Rights", which the district court construed as a motion for resentencing under the FSA in light of the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012) (holding that the FSA applies to defendants whose offenses predate the Act's effective date if they are sentenced after the FSA takes effect). The district court denied Adams's motion, finding that *Dorsey*'s holding did not apply to Adams, whose conviction and sentencing occurred before the Act took effect. Adams then filed a "Request for Reconsideration", arguing that the "Supreme Court has never held any change in a criminal penalty to apply partially retroactive to some and not others." The district court denied the motion, explaining that the Supreme Court did not actually use the word "retroactive" in its opinion, but instead merely held that the FSA applied to pre-Act offenders who were sentenced after the Act became law.

On appeal, Adams now argues that even though the Supreme Court did not use the term "retroactive", a fair reading of the decision suggests that it should apply to him in this case. We cannot agree. We recently addressed this very situation in *United States v. Robinson*, 697 F.3d 443 (7th Cir. 2012) and explained that "*Dorsey* carefully confined its application of the Fair Sentencing Act to pre-Act offenders who were sentenced after the Act." *Id.* at 445. As a result, the Act's lower mandatory minimums do not apply to Adams, who was sentenced before its effective date. The district court thus correctly dismissed Adams's request for resentencing. The judgment of the district court is therefore **AFFIRMED**.