In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2871

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARLON BEARD,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 04-CR-10075 — **Michael M. Mihm**, *Judge*.

SUBMITTED FEBRUARY 6, 2014[*] — DECIDED MARCH 12, 2014

Before WOOD, *Chief Judge*, and KANNE and TINDER, *Circuit Judges*.

WOOD, *Chief Judge*. Marlon Beard appeals from an order denying his motion to reconsider the rejection of his request for a sentence reduction under 18 U.S.C. § 3582(c)(2). Beard

[*] After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. The appeal is therefore submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2)(C).

was seeking that reduction based on the Fair Sentencing Act of 2010 and its implementing amendments to the sentencing guidelines. The Sentencing Commission has made those amendments retroactive. His appeal, however, founders on a fundamental problem: the district court had no authority to order the relief that Beard sought. Its judgment denying relief was therefore correct.

Beard pleaded guilty in 2005 to possessing crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Because the offense involved at least 50 grams, he was sentenced to what was at the time the statutory minimum of 10 years, see *id.* § 841(b)(1)(A). In 2008, after the Sentencing Commission had retroactively lowered the offense levels for most crack crimes, Beard requested a reduced sentence under § 3582(c)(2). See U.S.S.G. App. C., Vol. III 226–31, 253 (2011). The district court denied his motion on the ground that Beard had been sentenced to a statutorily mandated period that had not changed.

In 2012, Beard again moved under § 3582(c)(2) for a reduced sentence. This time he argued that the Fair Sentencing Act, which increased the threshold amount of crack necessary to trigger § 841(b)(1)'s enhanced sentences, along with the retroactive, implementing amendments to the guidelines, make him eligible for a reduced sentence. See Pub. L. No. 111–220, 124 Stat. 2372; U.S.S.G. Supp. App. C., Vol. III 374–85, 391–98 (2011). In support Beard cited the panel opinion in *United States v. Blewett,* 719 F.3d 482 (6th Cir. 2013), which concluded that the purpose behind the Fair Sentencing Act demands that the legislation benefit all crack offenders, including those who were sentenced before its enactment. (The *en banc* Sixth Circuit later repudiated that position and held

that the Act does not retroactively undo final sentences. See *United States v. Blewett*, Nos. 12-5226 & 12-5582, 2013 WL 6231727 (6th Cir. Dec. 3, 2013).)

The district court denied Beard's 2012 motion. It reasoned that relief under the Fair Sentencing Act is foreclosed by our decision in *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013), which concludes that a sentence reduction under § 3582(c)(2) is not a form of resentencing that allows a defendant to take advantage of postsentencing changes in the law, such as the Fair Sentencing Act. See *United States v. Robinson*, 697 F.3d 443, 444–45 (7th Cir. 2012). Moreover, we added, the retroactive amendments to the guidelines, although intended to benefit even defendants sentenced before enactment of the Fair Sentencing Act, could not help a person in Beard's position because his prison sentence was dictated by the applicable statutory minimum. See *id.* Sixteen days later Beard, still pressing the court to apply the panel's opinion in *Blewett,* filed a motion asking the district court to reconsider its decision. The district court denied this motion.

Beard filed a notice of appeal. Critically, his notice of appeal came too late to serve as the basis of an appeal from the district court's denial of the underlying 2012 motion. See FED. R. APP. P. 4(b)(1)(A) (requiring as relevant here notice of appeal within 14 days of the order being appealed). The appeal before us is therefore timely only to contest the decision on Beard's purported motion for reconsideration. But there is a serious problem with that motion, and thus with its suitability as a subject of appeal: it did not meet the requirements for a motion for reconsideration.

The rules of criminal procedure offer a number of possibilities for post-judgment motions. Federal Rule of Criminal Procedure 33 permits a defendant to file a motion to vacate a judgment and grant a new trial; Rule 29 authorizes a motion for a judgment of acquittal; and Rule 35 spells out when a defendant may move to correct or reduce his sentence. All of these rules are subject to time limits; in addition, Rule 35 is available only if the government files a motion (which it did not do here), and so it is doubly useless for Beard. More generally, we have recognized that as a matter of general practice a motion to reconsider in a criminal prosecution is proper and may be entertained if it is filed in time. *United States v. Rollins,* 607 F.3d 500, 504 (7th Cir. 2010). The applicable time is the same 14-day period that applies to other motions that suspend the time for taking an appeal under FED. R. APP. P. 4(b). See *United States v. Redd,* 630 F.3d 649, 650 (7th Cir. 2011) (applying the 14-day rule to a motion to reconsider a ruling under § 3582(c)(2)).

Beard's submission, as we noted, was filed 16 days after the denial of his § 3582(c)(2) motion; it was thus untimely. See *Redd,* 640 F.3d at 650. By default, this meant that at best it was, just as the motion we considered in *Redd,* nothing more in substance than a renewed motion under § 3582(c)(2). The caption Beard affixed is of no moment; the motion seeks a reduction in his sentence. And it does so long after any statute or rule of procedure authorizes the district court to grant the requested relief. See *United States v. Carraway,* 478 F.3d 845, 848 (7th Cir. 2007); *Romandine v. United States,* 206 F.3d 731, 734–36 (7th Cir. 2000).

This presents us with the question whether § 3582(c)(2)'s limitation on when a sentence modification is permitted

strips the district court of subject-matter jurisdiction to consider an impermissible successive motion, or if it imposes only a non-jurisdictional case processing rule. Although the parties have not raised this issue, we address it to fulfill our obligation to ensure that federal courts have subject-matter jurisdiction at each stage of the proceedings. *Ne. Rural Electric Membership Corp. v. Wabash Valley Power Ass'n*, 707 F.3d 883, 890 (7th Cir. 2013). "[L]imits on the reach of federal statutes … are only jurisdictional if Congress says so." *Bowles v. Russell*, 551 U.S. 205, 216–17 (2007). In recent years, the Supreme Court has repeatedly held that courts should not jump too readily to the conclusion that a provision is jurisdictional. See, *e.g., Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen*, 558 U.S. 67, 81 (2009) (citing cases). A restriction should be deemed jurisdictional only if it "reduce[s] the adjudicatory domain of a tribunal" and cannot be forfeited. *Id.* We see nothing in § 3582(c)(2) that meets this stringent test. At most, the statute creates a rule under which successive motions are prohibited and should be denied as outside the scope of the statute. Our sister circuits have come to the same conclusion. See *United States v. Trujillo*, 713 F.3d 1003, 1006–07 (9th Cir. 2013); *United States v. Weatherspoon*, 696 F.3d 416, 421 (3d Cir. 2012).

Even though jurisdiction was secure, the district court had no choice but to deny Beard's successive § 3582(c)(2) motion. Section 3582(c)(2) permits the district court to modify a sentence that "has subsequently been lowered by the Sentencing Commission." 18 U.S.C. 3582(c)(2); see *Robinson*, 698 F.3d at 444. "Once the district judge makes a decision, Rule 35 applies and curtails any further power of revision, unless the Commission again changes the Guidelines and makes that change, too, retroactive." *Redd*, 630 F.3d at 651. In

other words, prisoners have only one bite at the apple per retroactive amendment to the sentencing guidelines. See *United States v. Goodwyn,* 596 F.3d 233, 235–36 (4th Cir. 2010) (permitting prisoner only one opportunity to request sentence modification under same guideline amendment). Beard availed himself of his one opportunity, and he now must accept the district court's decision.

We AFFIRM the judgment of the district court.