NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 19, 2014[*]
Decided June 20, 2014

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1306

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br>     *v.* <br><br> GREGORY BROWN, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 01 CR 1078-5 <br><br> James B. Zagel, <br> *Judge*. |

**O R D E R**

Gregory Brown pleaded guilty to conspiring to possess cocaine with intent to distribute. *See* 21 U.S.C. §§ 846, 841(a)(1). At his sentencing in July 2003, the district court concluded that the version of U.S.S.G. § 2D1.1(c)(1) then in force placed Brown's base offense level at 38 (due to his admission that the conspiracy involved 50 to 150

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

kilograms of powder cocaine and 1.5 kilograms of crack). *See* U.S.S.G. § 2D1.1(c)(1) (2002). The court ruled that Brown was a minor participant in the drug conspiracy and lowered his offense level by 2, *id.* § 3B1.2(b), and then by 3 more for acceptance of responsibility, *id.* § 3E1.1, bringing Brown's total offense level to 33.

But Brown (due to his lengthy criminal history) is also a career offender. *See id.* § 4B1.1(a). The career-offender guideline gave him a base offense level of 37 (because his drug crime has a statutory maximum of life, 21 U.S.C. § 841(b)(1)(A)). After taking into account his acceptance of responsibility—but not his minor participation in the conspiracy, *see United States v. Otero*, 495 F.3d 393, 401 n.4 (7th Cir. 2007); *United States v. Ward*, 144 F.3d 1024, 1036 (7th Cir. 1998)—the application of the career-offender guideline set the floor for his total offense level at 34. *See* U.S.S.G. § 4B1.1(b). That offense level and Brown's criminal-history category of VI (also dictated by the career-offender guideline, *see id.*) yielded an imprisonment range of 262 to 327 months, and the court imposed a sentence of 262 months.

In 2008 Brown filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on a retroactive amendment to § 2D1.1(c), *see* U.S.S.G. app. C, amends. 706, 713. The government, apparently forgetting that Brown had been sentenced as a career offender, agreed with him that this amendment lowered his base offense level by 2 and his imprisonment range to 210 to 262 months. The district court granted Brown's motion and reduced his sentence to 210 months. The government now realizes that its concession was mistaken, but the order became final without an appeal.

In 2012, after another favorable, retroactive amendment to § 2D1.1(c), *see* U.S.S.G. app. C, amends. 750, 759, Brown again moved to reduce his sentence under § 3582(c)(2). The government, by then alert to its earlier error, objected that changes to § 2D1.1(c) have no impact on Brown's guidelines range, which rests on his status as a career offender. The district court, also acknowledging a mistake in granting Brown's previous motion, refused to reduce his sentence further. Brown did not appeal that decision.

In 2013 Brown moved a third time under § 3582(c)(2) to reduce his sentence, citing the same amendment he relied upon in his second motion. The government opposed this motion, again arguing that Brown's career-offender status renders the amendment irrelevant to him. The district court denied the motion.

Brown has appealed, but the government contends that his third § 3582(c)(2) motion is successive and thus invalid. *See United States v. Beard*, 745 F.3d 288, 292 (7th

Cir. 2014); *United States v. Redd*, 630 F.3d 649, 650–51 (7th Cir. 2011). We might agree, but the limit of one motion per amendment is not jurisdictional, s*ee Beard*, 745 F.3d at 291, and the government waived this argument by not raising it in the district court, *see Eberhart v. United States*, 546 U.S. 12, 19 (2005).

Still, the government is correct that Amendment 750 did not retroactively lower Brown's imprisonment range because that range is based on his career-offender status, which the amendment did not affect. *See United States v. Williams*, 694 F.3d 917, 918 (7th Cir. 2012); *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011); *United States v. Forman*, 553 F.3d 585, 589–90 (7th Cir. 2009). Brown's total offense level was 34 before the amendment and still is. Brown maintains that the reduction he received in 2008 after the earlier amendment to § 2D1.1(c) proves that he was not sentenced as a career offender. That is not correct; the unwarranted benefit he received proves only that he was fortunate once.

**AFFIRMED**.