In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2978

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KEVYN TAYLOR,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:08-CR-30061-JPG — **J. Phil Gilbert**, *Judge.*

ARGUED DECEMBER 17, 2014 — DECIDED FEBRUARY 11, 2015

Before WILLIAMS, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Kevyn Taylor filed a motion under 18 U.S.C. § 3582(c)(2) seeking a reduced sentence on his convictions for drug trafficking. He argued that his imprisonment range under the United States Sentencing Guidelines had been lowered by retroactive Amendment 750, which, among other changes, made permanent the reduction to the amount of marijuana deemed equivalent to one gram of crack cocaine for purposes of determining of-

fense levels in drug cases involving more than one drug. The district court concluded that Taylor's sentencing range had not been lowered and that the court therefore lacked subject-matter jurisdiction over his motion. We agree with the district court that Taylor's motion lacks merit, but we take this occasion to clarify that § 3582(c)(2) does not limit a district court's subject-matter jurisdiction to consider a motion brought under that statute, even a motion that the court would not be authorized to grant. The denial of Taylor's motion is affirmed on the merits.

I.   *Factual and Procedural Background*

A jury found Taylor guilty in 2009 of conspiring to distribute crack, possessing and distributing powder cocaine, possessing a firearm as a felon, and possessing a firearm in furtherance of a drug-trafficking crime. All of the offenses were committed in 2005 and 2006. At sentencing the district court found that Taylor was responsible for 837 grams of crack and 396 grams of powder cocaine. The court also included as relevant conduct Taylor's responsibility for 227 kilograms of marijuana.

Because more than one drug was involved, Taylor's base offense level was calculated by converting the crack and powder cocaine quantities to their "marijuana equivalent." See U.S.S.G. § 2D1.1 cmt. n.8(B)–(D) (2013); *United States v. Brazelton*, 557 F.3d 750, 753 (7th Cir. 2009); *United States v. Bothun*, 424 F.3d 582, 585 (7th Cir. 2005). Under the 2008 Guidelines in effect when Taylor was sentenced, the crack and powder cocaine plus the 227 kilograms of marijuana were together equivalent to 17,046 kilograms of marijuana. That amount corresponded to an offense level of 36 in the Drug Quantity Table. See U.S.S.G. § 2D1.1(c)(2) (2008).

At that time, however, Application Note 10(D) to § 2D1.1 provided for a two-level reduction if a drug offense involved both crack cocaine and another controlled substance. See § 2D1.1 cmt. n.10(D) (2008); *United States v. Chess*, 610 F.3d 965, 968 (7th Cir. 2010). Taylor's base offense level thus was set at 34. Two levels were added for obstructing justice under § 3C1.1. With Taylor's criminal history category of I, a total offense level of 36 yielded an imprisonment range for the drug counts of 188 to 235 months. The district court sentenced Taylor to concurrent terms of 180 months for those crimes. The court also imposed a concurrent term of 120 months for possessing a firearm as a felon, as well as a mandatory consecutive sentence of 60 months for possessing that gun in furtherance of a drug crime. On direct appeal we affirmed Taylor's convictions and the total sentence of 240 months. *United States v. Taylor*, 637 F.3d 812 (7th Cir. 2011).

In 2013 Taylor filed the § 3582(c)(2) motion at issue in this appeal. He asserted that Amendment 750, which made permanent and retroactive the temporary changes in Amendment 748, had reduced his base offense level from 34 to 32.

The Sentencing Commission adopted Amendments 748 and 750 to implement the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. As relevant to offenses involving more than one kind of drug, Amendment 748 reduced the marijuana equivalent of one gram of crack cocaine from 20 kilograms to 3,571 grams. The problem for Taylor's motion is that the same amendment also revised the commentary to § 2D1.1 by striking Application Note 10(D) and thus eliminating the two-level decrease he had received for multiple-drug cases involving crack cocaine. See U.S.S.G. app. C., amend. 748, pp. 377, 382; see also *United States v. Robin-*

*son*, 697 F.3d 443, 444 (7th Cir. 2012) (explaining effect of Amendments 748 and 750).

The district court found that the imprisonment range for Taylor's drug crimes had not been lowered. The court explained that Application Note 10(D) had been deleted so that the 2012 version of § 2D1.1 no longer provided a two-level reduction in setting the base offense level for cases involving crack cocaine and another drug. Taylor's final offense level remained 36 even under Amendment 750. The court did not deny Taylor's motion on the merits but dismissed it for lack of subject-matter jurisdiction, citing *United States v. Lawrence*, 535 F.3d 631, 637–38 (7th Cir. 2008), and *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009), which both treat eligibility for relief under § 3582(c)(2) as an issue of subject-matter jurisdiction.

II. *Analysis*

   A. *Subject-Matter Jurisdiction*

Two separate and conflicting lines of cases have emerged in this circuit regarding whether a district court has subject-matter jurisdiction to decide a § 3582(c)(2) motion on the merits even if the court has concluded that it lacks authority to grant the motion.

In the line of cases cited by the district court, we have loosely but incorrectly described as a lack of "jurisdiction" those situations where the statutory criteria for a sentence reduction under § 3582(c)(2) have not been satisfied. See *United States v. Irons*, 712 F.3d 1185, 1189 (7th Cir. 2013); *United States v. Davis*, 682 F.3d 596, 610 (7th Cir. 2012); *United States v. Woods*, 581 F.3d 531, 536 (7th Cir. 2009); *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009); *United States v.*

*Poole*, 550 F.3d 676, 678–79 (7th Cir. 2008); *United States v. Lawrence*, 535 F.3d 631, 638 (7th Cir. 2008); *United States v. Smith*, 438 F.3d 796, (7th Cir. 2006) (describing § 3582(c)(2) as "a real 'jurisdictional' rule rather than a case-processing requirement").

In the other line of cases, however, we have treated the statutory criteria of § 3582(c)(2) as non-jurisdictional. In *United States v. Beard*, 745 F.3d 288, 291–92 (7th Cir. 2014), we explained that § 3582(c)(2)'s statutory criteria create a "non-jurisdictional case processing rule" that does not deny district courts subject-matter jurisdiction to evaluate and deny repeat motions. 745 F.3d at 291. That description applies equally to any § 3582(c)(2) motion. And in an opinion involving a different Mr. Taylor, we said explicitly that a district court has subject-matter jurisdiction to deny a § 3582(c)(2) motion even if the inmate is statutorily ineligible. *United States v. Taylor*, 627 F.3d 674, 675–76 (7th Cir. 2010).

While the difference will rarely have much practical significance, we take this opportunity to resolve the conflicting case law and to clarify that district courts have subject-matter jurisdiction over—that is, the power to adjudicate—a § 3582(c)(2) motion even when authority to *grant* a motion is absent because the statutory criteria are not met. See generally *United States v. Cotton*, 535 U.S. 625, 629–31 (2002) (defining subject-matter jurisdiction as the constitutional or statutory *power* to adjudicate a matter); *United States v. Ceballos*, 302 F.3d 679, 690–92 (7th Cir. 2002) (explaining that "judges and legislators sometimes use the term jurisdiction to erroneously refer to a court's authority to issue a specific type of

remedy, rather than to the court's subject-matter jurisdiction").

Our clarification here comports with *Beard*, 745 F.3d at 291–92, and *Taylor*, 627 F.3d at 675–76, as well as decisions from other circuits that distinguish between subject-matter jurisdiction to decide a § 3582(c)(2) motion and a defendant's eligibility for relief. See *United States v. Anderson*, 772 F.3d 662, 666-68 (11th Cir. 2014); *United States v. Johnson*, 732 F.3d 109, 116 n.11 (2d Cir. 2013); *United States v. Moore*, 541 F.3d 1323, 1326–27 (11th Cir. 2008). The D.C. Circuit has tentatively signaled its agreement. *United States v. Smith*, 467 F.3d 785, 788 (D.C. Cir. 2006) (Supreme Court's holding that time limits on post-trial motions were not jurisdictional calls into question a jurisdictional reading of § 3582), citing *Eberhart v. United States*, 546 U.S. 12 (2005).

Still other circuits, however, have seen the issue in jurisdictional terms. See *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding that § 3582(c)(2) motion should have been dismissed for lack of subject-matter jurisdiction because defendant was ineligible for reduced sentence); *United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2012) (stating that district court "lacked jurisdiction" to reduce sentence when statutory criteria of § 3582(c)(2) were not satisfied); *United States v. Williams*, 607 F.3d 1123, 1125–26 (6th Cir. 2010) (citing our decision in *Poole*, 550 F.3d at 678, as support for treating limits of § 3582(c)(2) as jurisdictional); *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010); *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993).

The practical differences between our lines of cases are minimal. The most likely situation in which the jurisdictional

line would make a difference would be a case where a district court granted relief under § 3582(c)(2) and the government asserted on appeal an apparently winning argument it had not made in the district court. If the issue were truly jurisdictional, it could not be waived.

Whether a limit on a court's power is truly jurisdictional is ultimately up to Congress. In a series of cases over the last dozen years, the Supreme Court has taken new care to distinguish between truly (i.e., non-waivable) jurisdictional rules and ordinary case-processing rules that may be mandatory and even strict, but which a court need not raise on its own. The general rule that has emerged is that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). Several signals persuade us that the limits on § 3582(c)(2) relief are not jurisdictional.

First, § 3582 is not part of a jurisdictional portion of the criminal code but part of the chapter dealing generally with sentences of imprisonment. The section sets forth factors to consider when imposing a prison sentence and provides that a prison sentence is final and appealable. Nor is subsection (c) phrased in jurisdictional terms. It begins: "The court may not modify a term of imprisonment once it has been imposed," with exceptions then specified. Since Congress has not framed the issue in terms of jurisdiction, the statutory indicators point against jurisdictional treatment.

We also have a cue from the Supreme Court, which has not addressed this precise question but has decided the reach of § 3582(c)(2) without referring to the statute's limits as jurisdictional. In *Freeman v. United States*, 131 S. Ct. 2685

(2011), the Court considered whether § 3582(c)(2) was available to a defendant who had entered a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). All of the Justices—whether or not they joined the Court's judgment—addressed the issue in terms of whether Freeman was statutorily *eligible* for a sentence reduction, not whether the district court had subject-matter jurisdiction to decide his motion. See *Freeman*, 131 S. Ct. at 2692–93 (plurality opinion); *id.* at 2697–98 (Sotomayor, J., concurring); *id.* at 2701 (Roberts, C.J., dissenting). *Freeman* was decided after the Supreme Court's recent stream of cases that try to be more careful about which rules are truly jurisdictional. E.g., *Gonzalez v. Thaler*, 132 S. Ct. 641, 648-49 (2012); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 160–62 (2010); *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). Accordingly, we do not view the silence about jurisdiction in *Freeman* as merely a "drive-by" jurisdictional ruling entitled to little or no weight. Cf. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 91 (1998).

We conclude that the better view is stated in *Beard* and *Taylor* and that a district court has subject-matter jurisdiction to consider a motion for relief under 18 U.S.C. § 3582(c)(2) regardless of whether the moving defendant is actually eligible for such discretionary relief.[1]

---

[1] Because this opinion overrules several circuit precedents that have treated the scope of § 3582(c)(2) as affecting district courts' subject-matter jurisdiction, we have circulated this opinion to the court under Circuit Rule 40(e). No judge favored hearing this case en banc.

B.  *The Merits*

The district court had subject-matter jurisdiction, but that does not help Taylor. The problem is that the net effect of Amendment 750 on Taylor's guideline range was zero. While the amendment lowered the marijuana equivalent for crack, it also removed the application note directing a two-level decrease from the offense level listed in the pre-amendment Drug Quantity Table when crack and other drugs were present in the same case. Taylor cannot prevail by relying on only the portion of Amendment 750 that helps him and ignoring the portion that offsets the same adjustment so that there is no net effect on his guideline range. Section 3582(c)(2) applies to a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" retroactively.

The "sentencing range" that must have been changed to permit relief under § 3582(c)(2) is not the base offense level or any other intermediate step in the guideline calculation, but the bottom-line, final range that was the basis for the sentence. Relief is not available if a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Taylor*, 627 F.3d at 676 (relief not available under § 3582(c)(2) where retroactive amendment reduced final offense level by one level but guideline imprisonment range remained 360 months to life); see also *United States v. Robinson*, 697 F.3d at 444 (relief not available under § 3582(c)(2) where final guideline range had been based on statutory mandatory minimum not affected by retroactive guideline

amendment). Taylor was not eligible for a sentence reduction because the sentencing range of 188 to 235 months for his drug crimes was not changed by Amendments 748 and 750.

We conclude by noting that Taylor may be eligible for a future sentencing reduction based on retroactive Amendment 782 to the Guidelines, which has reduced by 2 levels the base offense levels assigned to drug quantities in § 2D1.1. See U.S.S.G. Supp. app. C., amend. 782, p. 71 (2014). After applying this amendment, his imprisonment range for his drug convictions would be 151 to 188 months. See *id.* § 2D1.1(c)(4). But for Taylor to benefit from this amendment, he would need to file a new motion under § 3582(c)(2) in the district court based on Amendment 782. See *United States v. Hayden*, No. 14-1812, 2014 WL 7375538, at *3 (7th Cir. Dec. 30, 2014). If he is in fact eligible for relief, the district court would need to exercise its discretion under 18 U.S.C. §§ 3553(a) and 3582(c)(2).

We modify the judgment of the district court to deny Taylor's motion for relief on its merits, and as modified that judgment is AFFIRMED.