**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2016[*]
Decided July 22, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3573

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:06-CR-23-001 |
| MARLYN JERMAINE BARNES, *Defendant-Appellant*. | Theresa L. Springmann, *Judge*. |

**O R D E R**

Marlyn Barnes was sentenced to 292 months' imprisonment for conspiring to possess with intent to distribute more than five kilograms of cocaine, 21 U.S.C. §§ 846, 841(a). *See United States v. Barnes*, 660 F.3d 1000, 1002 (7th Cir. 2011) (affirming Barnes's sentence). In September 2015, he asked the district court for a lawyer's help with filing a motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on the retroactive application of Amendment 782 to the federal sentencing guidelines. A federal public

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

defender entered an appearance on Barnes's behalf and filed an unopposed motion requesting a 58-month reduction in his sentence. The district court granted the motion and entered an order lowering Barnes's sentence to 234 months.

Not satisfied with the new sentence, Barnes a week later asked the court for an extension of time to file a pro se motion "raising specific mitigating factors" not presented by his lawyer. (He did not specify what those factors were.) The court denied the extension. Barnes disregarded the court's ruling and, a month after the district court had entered the order lowering his sentence, filed a motion seeking a further reduction under Amendment 782. The court denied that motion as well, and Barnes filed a notice of appeal nine days later.

Barnes advances several arguments as to why the district court should have granted him a greater reduction in sentence, but none of them warrants discussion. We may not review the district court's order reducing the sentence because Barnes filed his notice of appeal more than a month after that order was entered—too late to serve as the basis of an appeal from the order. *See* FED. R. APP. P. 4(b)(1)(A) (providing that notice of appeal must be filed within 14 days of the order being appealed). No exception to the 14-day limit applies here: Barnes did not seek an extension of time to file an appeal, FED. R. APP. P. 4(b)(4), nor did he file a motion within the 14-day window that would have suspended the time for taking an appeal, *see* FED. R. APP. P. 4(b)(3); *United States v. Beard*, 745 F.3d 288, 291 (7th Cir. 2014). And although the 14-day limit for filing a notice of appeal under Rule 4(b) is not jurisdictional, we must adhere to the time limit where, as here, the appellee asks us to do so. *United States v. Rollins*, 607 F.3d 500, 501 (7th Cir. 2010).

Barnes's challenge to the district court's denial of his pro se motion seeking a reduction based on Amendment 782 likewise fails. His filing was a successive motion under § 3582(c)(2) and was therefore properly denied because § 3582(c)(2) allows only one sentence-reduction motion per retroactive change to the guidelines. *See United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011).

AFFIRMED.