NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2017[*]
Decided August 31, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 17-1398

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 996-2 |
| JUSTIN TURNER, | |
| *Defendant-Appellant*. | John W. Darrah, *Judge*. |

## O R D E R

Justin Turner was convicted in 2013 of conspiring to possess and distribute cocaine and heroin. *See* 21 U.S.C. §§ 846, 841(a)(1). As part of a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Turner cooperated with the government. He also admitted purchasing at least 1,500 kilograms of cocaine and

---

[*]We have agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

20 kilograms of heroin. The parties agreed that Turner's cooperation warranted a prison sentence of 160 months, substantially below the range of 324 to 405 months that otherwise would have applied under the sentencing guidelines. The district court accepted the plea agreement and imposed the agreed prison term.

Then in 2014 the Sentencing Commission promulgated, and made retroactive, Amendment 782, which lowered the base offense level for most drug offenses. *See* U.S.S.G. Supp. to App. C, Amend. 782 (2014). Turner responded by moving under 18 U.S.C. § 3582(c)(2) to reduce his prison sentence. The district court denied that motion with the explanation that Turner wasn't eligible for a reduction because his sentence had been imposed pursuant to a plea agreement under Rule 11(c)(1)(C), not the guidelines range. *See Freeman v. United States*, 564 U.S. 522, 538–39 (2011) (Sotomayor, J., concurring); *United States v. Dixon*, 687 F.3d 356, 358–59 (7th Cir. 2012).

Turner never appealed that decision. That should have been the end of it, but instead, more than a year after the district court had denied his motion, Turner filed three additional § 3582(c)(2) motions asking the district court to reduce his sentence. The court denied all three requests, reasoning that Turner wasn't entitled to ask a second time for a reduction based on Amendment 782. Turner appeals from that decision. But the district court was right; a defendant is limited to a single § 3582(c)(2) motion for any given change in the guidelines range. *United States v. Beard*, 745 F.3d 288, 292 (7th Cir. 2014); *United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). Turner used his one shot in 2015. He contends now that his 2015 motion was wrongly denied, but that contention could, and should, have been made in an appeal from the court's decision on that motion.

AFFIRMED.