**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2018[*]
Decided June 25, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-1446

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 97 CR 789-3 |
| HAGOP DEMIRJIAN, *Defendant-Appellant*. | Manish S. Shah, *Judge*. |

**O R D E R**

Hagop Demirjian appeals the denial of his second motion for a lower prison sentence based on a retroactive amendment to the Sentencing Guidelines. The district court properly denied his successive motion, however, so we affirm the judgment.

In 1999, a federal jury convicted Demirjian of conspiring to distribute cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and possessing cocaine with intent to distribute it, *see id.* § 841(a)(1). The district court found Demirjian responsible for 600 kilograms of

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

cocaine, resulting in a base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1) (1998). The court calculated his Guidelines range as 360 months to life and sentenced him to 360 months in prison. Demirjian then unsuccessfully pursued a direct appeal and three collateral attacks.

In 2014, Demirjian moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), which authorizes the district court to reduce an imprisonment term when the United States Sentencing Commission lowers the base offense level for a particular offense. *Hughes v. United States*, __ S. Ct. __, No. 17-155, 2018 WL 2465187, at *5 (June 4, 2018). He relied on Amendment 782, a retroactive amendment to the Guidelines that lowered the base offense level for most drug crimes. *See* U.S.S.G. Supp. to App. C, Amend. 782 (2014). But Judge Zagel, the assigned judge at the time, concluded that the amendment did not alter Demirjian's base offense level—he was responsible for 600 kilograms of cocaine, still well above the increased threshold of 450 kilograms to earn a base offense level of 38, *see id.* In turn, his sentencing range remained 360 months to life, so he was ineligible for a sentence reduction. We dismissed Demirjian's appeal from that decision as untimely. *United States v. Demirjian*, No. 16-1646 (7th Cir. dismissed June 7, 2016). He then asked the district court to reconsider its decision. Judge Shah, to whom the case was reassigned after Judge Zagel took senior status, denied the motion.

Undeterred, Demirjian filed a second § 3582(c)(2) motion, which is the subject of this appeal. In it, he argued for the first time that he should have received the same sentence reduction that a codefendant received. Judge Shah denied the motion, explaining that only one motion per retroactive Guidelines amendment is permitted.

On appeal, Demirjian argues that no *jurisdictional* limit exists on a district court's ability to consider a successive § 3582(c)(2) motion. Although he is correct, *see United States v. Taylor*, 778 F.3d 667, 669–70 (7th Cir. 2015), he misunderstands the district court's ruling in his case. Without invoking "jurisdiction," the court properly concluded that Demirjian already had used his one chance to pursue a sentence reduction under Amendment 782. *See United States v. Beard*, 745 F.3d 288, 292 (7th Cir. 2014); *United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011).

AFFIRMED