> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 10, 2018[*]
Decided September 10, 2018

*Before*

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-1426

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> ERIC L. KELLY, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Western Division. <br><br> No. 12-CR-50049 <br><br> **Frederick J. Kapala**, <br> *Judge*. |

**O R D E R**

Appellant Eric Kelly was sentenced to a total of 123 months in prison for convictions for possession of crack cocaine with intent to distribute, possession of a firearm in furtherance of a drug-trafficking crime and possession of a firearm by a person with a prior felony conviction. After the United States Sentencing Commission adopted Amendment 782 to the Sentencing Guidelines and made that amendment

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2)(C).

retroactive, Kelly sought a reduction of his sentence under 18 U.S.C. § 3582(c)(2). The sentencing court found that Kelly was legally eligible for a reduction, but the court exercised its discretion to deny any reduction, focusing on Kelly's history of violence before his convictions and his possession of a dangerous weapon in prison. We affirmed in Appeal No. 16-1038, 667 Fed. App'x 546 (7th Cir. 2016).

In February 2018, Kelly returned to the district court and filed a second motion under § 3582(c)(2), again seeking a reduction under Amendment 782. He asserted that he had made substantial progress toward rehabilitation. The district court summarily denied his second motion, citing *United States v. Beard*, 745 F.3d 288 (7th Cir. 2014), where we held that a prisoner has only one opportunity per retroactive amendment to the Sentencing Guidelines to seek a reduced sentence. Kelly has appealed again, but the district court was exactly right. Amendment 782 gave Kelly one chance to seek a discretionary reduction in his sentence. He used that chance several years ago and was not successful. Under *Beard*, he is not entitled to try again. The district court's denial of Kelly's second motion is AFFIRMED.