**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 18-4062

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HOWARD WILLIAM OLIVER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:14-cr-00096-MR-DLH-1)

Submitted: August 29, 2018                    Decided: September 13, 2018

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph Carroll Bowman, SHARPE & BOWMAN, PLLC, Marshall, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard William Oliver appeals the district court's order revoking his supervised release and imposing a 51-month sentence upon revocation of supervised release. Oliver contends that he should have received a below-Policy Statement range sentence in light of amendments to the Sentencing Guidelines and because he was 65 years old. Finding his claims to be without merit, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). The appellate court first considers whether the sentence imposed is procedurally and substantively reasonable, applying the same general considerations utilized in its evaluation of original criminal sentences. *Id*. at 438. In this initial inquiry, the court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Only if the court finds the sentence unreasonable will it consider whether it is "plainly so." *Id*. at 657 (internal quotation marks omitted).

A supervised release revocation sentence is procedurally reasonable if the district court considered the Policy Statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable in revocation proceedings. *Crudup*, 461 F.3d at 439. The district court also must provide a statement

2

of reasons for the sentence imposed, but that explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b); *see* 18 U.S.C. § 3553(a)(1).

In fashioning his supervised release revocation sentence, Oliver argues that the district court should have sua sponte considered that he did not receive the benefit of Amendments 706 and 782 to the Federal Sentencing Guidelines when serving his original sentence. Oliver reasons that his supervised release sentence should have been lower to reflect the reduction he claims he would have received if these amendments had been applied to his original sentence. Section 1B1.10 of the Sentencing Guidelines governs the reduction in prison terms based on Guidelines amendments. However, the commentary makes clear that § 1B1.10 only authorizes the reduction of a prison term imposed as part of the original sentence. It does not authorize the reduction of a supervised release revocation term. *See United States v. Forman*, 553 F.3d 585, 588-89 (7th Cir. 2009), *overruled on other grounds by United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015).

Turning to Oliver's second argument, we conclude that the district court's rejection of his argument for a below-Policy Statement range sentence because of his age did not render his supervised release revocation sentence unreasonable, plainly or

3

otherwise. The district court considered the Chapter 7 Policy Statements as well as relevant § 3553(a) factors in deciding to impose a sentence at the bottom of the Policy Statement range. The court noted Oliver's extensive criminal history, as reflected by his placement in the highest criminal history category, the fact that his supervised release had been revoked twice before, and the fact that his current violation was for the same conduct that resulted in his original conviction, and opined that Oliver's argument for a lower sentence based on his age failed to take into account the seriousness of his breach of trust and the need for the sentence to provide adequate deterrence. Thus, in rejecting Oliver's argument for a below-Policy Statement range, the district court considered Oliver's breach of trust and the need for the sentence to deter future criminal conduct. We conclude that Oliver's within-Policy Statement range sentence was not unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*