┌─────────────────────────────────────────────┐
│              **NONPRECEDENTIAL DISPOSITION**              │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2020[*]
Decided March 17, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2257

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No 2:10-cr-00026-010 |
| ADAM R. LETT, *Defendant-Appellant*. | Jane Magnus-Stinson, *Chief Judge*. |

## O R D E R

Adam Lett, a federal prisoner, appeals the denial of his second motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on the retroactive application of Amendment 782 to the United States Sentencing Guidelines. But because Lett's sentence

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P 34(a)(2)(C).

was not "based on" the Sentencing Guidelines, Amendment 782 does not affect his sentence. We therefore affirm.

In 2010, Lett was charged with one count of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The statutory minimum at the time Lett was charged was 10 years in prison. *Id.* § 841(b)(1)(A)(viii) (2010). In 2011, the government filed an information pursuant to 21 U.S.C. § 851(a)(1), providing that Lett had a prior felony drug offense, which increased Lett's statutory minimum sentence to 20 years. *Id.* § 841(b)(1)(A)(viii).

Lett pleaded guilty to the lesser included offense of conspiracy to distribute 50 grams or more of a mixture or substance containing methamphetamine. 21 U.S.C. §§ 841(a)(1), 846. This reduced drug quantity carried a statutory minimum sentence of five years, 21 U.S.C. § 841(b)(1)(B)(viii) (2010), which rose to ten years after accounting for Lett's prior felony drug offense (which Lett agreed was correct). *Id.* Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed to a sentence of 180 months' imprisonment. The district court accepted Lett's Rule 11(c)(1)(C) plea.

At sentencing, the district court adopted the probation office's Presentence Investigation Report, which calculated Lett's sentencing guidelines range as 84 to 105 months. *See* U.S.S.G. § 2D1.1(c)(6) (2010). But the court noted that the mandatory minimum in Lett's case was 120 months and then sentenced him to the plea's agreed-upon sentence of 180 months (15 years) in prison. In its Statement of Reasons, the court explained that Lett's sentence was "outside the advisory guidelines system" and imposed pursuant to the binding plea agreement.

In 2016, Lett moved to reduce his sentence under § 3582(c)(2). He relied on Amendment 782, which lowered the base offense level for nearly all drug crimes. The court summarily denied Lett's request because his sentence was imposed pursuant to his plea agreement and "not tied to a guideline calculation."

In 2019, Lett filed a second motion to reduce his sentence under § 3582(c)(2). Challenging the reason for the first denial, Lett cited the Supreme Court's intervening decision in *Hughes v. United States*, 138 S. Ct. 1765, 1776 (2018), which held that because district courts must first evaluate the recommended sentence in light of the defendant's guidelines range before accepting a Rule 11(c)(1)(C) plea agreement, *see* U.S.S.G. § 6B1.2(c) (2010), relief under § 3582(c)(2) was not unavailable to defendants whose agreed sentences were nevertheless based on the guidelines. The district court denied Lett's motion, emphasizing that although courts must calculate the advisory guidelines

range in every case, not all sentences are "based on" a guidelines calculation. *See Koons v. United States*, 138 S. Ct. 1783, 1788–89 (2018). And Lett's sentence, which was based on "the statutory range of 120 months … and the plea agreement," was "unaffected by and unmoored from" the guidelines.

Lett appeals. Before we address his arguments, we pause to consider whether the district court should have denied his second § 3582(c)(2) motion summarily because a prisoner may bring only one such motion per guidelines amendment. *United States v. Beard*, 745 F.3d 288, 292 (7th Cir. 2014); *see United States v. Guerrero*, 946 F.3d 983, 990 (7th Cir. 2020) (prisoners get only "one bite at the Amendment 782 apple" under § 3582(c)(2)). Lett assumed that the *Hughes* decision, which came after the district court denied his first motion for a sentence reduction, entitled him to try again. The government and the district court went along, addressing his arguments on the merits. This assumption makes sense if *Hughes* applies to his case—as noted above, sentences imposed pursuant to binding plea agreements can be "based on the guidelines" and therefore subject to reduction under § 3582(c)(2). *Hughes*, 138 S. Ct. at 1776. And Lett's first motion had been denied on the sole ground that he was sentenced under a binding Rule 11(c)(1)(C) plea agreement, not the guidelines.

But we can set aside whether *Hughes* gave Lett the right to bring a second § 3582(c)(2) motion. The prohibition on successive § 3582(c)(2) motions is not jurisdictional, *United States v. Taylor*, 778 F.3d 667, 669–70 (7th Cir. 2015), and the government did not contend that the motion was barred (despite insisting that this "is not a *Hughes* case"). Further, there is an independent basis for denying relief.

Lett primarily argues that his sentence of 180 months was "based on" the sentencing guidelines because 180 months is twice the midpoint of his guidelines range of 84 to 105 months. (The midpoint of 84 and 105 is 94.5, so not quite.) In response, the government now offers an explanation that did not emerge in the plea agreement or at sentencing: that, at the time Lett was charged, and accounting for his prior felony drug offense, 180 months (15 years) was halfway between the statutory minimums for drug offenses involving 500 grams or more of a methamphetamine mixture (20 years) and drug offenses involving 50 grams or more of the same (10 years). *See* 21 U.S.C. §§ 841(b)(1)(A)(viii), 841(b)(1)(B)(viii). But none of this matters.

However the parties arrived at the agreed 180-month sentence, Lett is not eligible for a § 3582(c)(2) reduction because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." Even though Lett pleaded guilty pursuant to a binding plea agreement, *Hughes* does not apply. Rather,

Lett's case falls among those addressed in *Koons*, which held that sentences based on a statutory minimum are not based on the guidelines. 138 S. Ct. at 1787–89. "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Therefore, Lett's guidelines range began at the statutory minimum, *see* 21 U.S.C. § 841(b)(1)(B)(viii), which has not been lowered by the Commission. Lowering his base offense level by any amount would still result in a guidelines sentence of 120 months. "[W]hen a prisoner's original Guidelines sentence is below the statutory floor, the minimum becomes the Guidelines sentence and precludes reduction under § 3582(c)(2)." *United States v. Johnson*, 747 F.3d 915, 917 (7th Cir. 2014).

The other issue Lett raises in his brief is not a proper subject of this appeal. He complains that in the order denying his motion, the district court mistakenly stated that he had provided "substantial assistance" to the government—something he wants corrected because he believes it jeopardizes his personal safety in prison. (In recapping the guidelines calculation, the district court referred to Lett's total offense level "after a three-level reduction for acceptance of responsibility and substantial assistance.") Even if the reference to "substantial assistance" was inaccurate, it is not for us to correct misstatements immaterial to the issue on appeal. Lett can file a motion for correction with the district court if he has appropriate grounds.

AFFIRMED