**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2020[*]
Decided June 24, 2020

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-1317

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:10-cr-00673 |
| BRANDON RICHARDS, <br> *Defendant-Appellant*. | Matthew F. Kennelly, <br> *Judge*. |

**O R D E R**

Brandon Richards, a federal prisoner, appeals the denial of his third motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on the retroactive application of Amendment 782 to the Sentencing Guidelines. He pleaded guilty in 2011 to a drug conspiracy and received a prison term of 184 months—51 months below the low end of his guidelines range of 235 to 293 months. He did not appeal his original sentence.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Richards has moved three times (in 2014, 2018, and 2020) to reduce his sentence under § 3582(c)(2). Each time he relied on Amendment 782, which lowered the base offense level for nearly all drug crimes. *See United States v. Newman*, 794 F.3d 784, 785 (7th Cir. 2015). And each time the district court denied the motion because Richards's 184-month sentence was already below the minimum of the *amended* guidelines range of 188 to 235 months. Section 3582(c)(2) authorizes a reduction only if it is consistent with the applicable policy statements, here U.S.S.G. § 1B1.10. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). That policy statement bars a court from reducing a defendant's prison term to "less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); *Dillon*, 560 U.S. at 827. Richards did not appeal either of the first two denials.

This time, Richards argues that, because his original sentence was 51 months below the low end of the pre-amendment sentencing range, he is entitled to have it reduced proportionally below the low end of the amended range. But the district court correctly denied the motion. Once the time passed to appeal the 2014 ruling on his first motion under Amendment 782 to reduce his sentence, the district court was "prohibited" from addressing the second or third motions, filed years later, based on the same amendment. *See United States v. Beard*, 745 F.3d 288, 291–92 (7th Cir. 2014). A defendant may press only one motion to reduce per amendment. *See id*. at 292. Therefore, "the district court had no choice but to deny" the third motion. *Id*.

AFFIRMED